UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC LACEY,

        Plaintiff,                              Case Number: 06-13842

v.                                                HONORABLE AVERN COHN

WARDEN BIRKETT, ET AL.,

        Defendants.
_____/

**<u>ORDER OF SUMMARY DISMISSAL</u>**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff is a state inmate at the Standish Correctional Facility in Standish, Michigan.  Plaintiff has filed an application to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  For the reasons that follow, the complaint shall be dismissed under 28 U.S.C. § 1915(g) and plaintiff's application to proceed without prepayment of the filing fee shall be denied.

II.

28 U.S.C. § 1915(g) provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This section requires that a district court dismiss a prisoner's civil rights complaint, which is filed with a request to proceed without prepayment of the filing fee, if the plaintiff has had three or more prior civil rights complaints dismissed on the grounds that the complaints were frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). Here, plaintiff has filed six prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Lacey v. Bloomfield Township Police,* No. 95-cv-71685 (E.D. Mich. August 8, 1995) (O'Meara, J.); *Lacey v. Ollila,* No. 95-cv-00279 (W.D. Mich. January 17, 1996) (Quist, J.); *Lacey v. McGinnis*, No. 940cv000189 (W.D. Mich. Oct. 25, 1994) (Bell, J.); *Lacey v. Michigan Department of Corrections*, No. 94-cv-00064 (W.D. Mich. May 16, 1994) (McKeague, J.); *Lacey v. McGinnis*, No. 94-cv-00017 (W.D. Mich. March 24, 1994) (Bell, J.); *Lacey v. Cole*, No. 93-cv-00268 (W.D. Mich. Feb. 11, 1994) (Quist, J.).

However, a plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed without prepayment of the filing fees. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger

of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

Here, plaintiff fails to allege that he is under imminent danger of future harm. Therefore, his complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).

III.

Accordingly, plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(g). Plaintiff's application to proceed without prepayment of the filing fee is **DENIED**. Should plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

**SO ORDERED**.


Dated:  September 14, 2006         s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 14, 2006, by electronic and/or ordinary mail.

                                   s/Julie Owens
                                   Case Manager, (313) 234-5160